RECEIVED
JAN 28 2021
AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

Nicholas Kyle Martino,
 Plaintiff, in *pro per*

   v.

United States Department of Justice,
 Defendant

Civ. No. _____

# COMPLAINT REGARDING DEFENDANT VIOLATIONS OF 5 USC § 552 AND §552a

## I. Introduction

 This Complaint is an action under the Freedom of Information Act, 5 USC § 552 (hereinafter "FOIA") and the Privacy Act, 5 USC § 552a. Plaintiff Nicholas Kyle Martino (hereinafter "Plaintiff"), in *propria persona*, seeks to compel the United States Department of Justice (hereinafter "DOJ") to comply with the agency's obligations under FOIA and the Privacy Act. This complaint arises from two separate FOIA requests that were submitted by Plaintiff to the Federal Bureau of Investigation (hereinafter "FBI") and the United States Marshals Service (hereinafter "USMS") in December of 2020.

1

Plaintiff is a petitioner filing in *propria persona* and this Court has a legal and ethical obligation to construe Plaintiff's claims liberally. This Court has a legal and ethical obligation to grant Plaintiff relief wherever possible and by whatever avenue possible, even if Plaintiff does not specifically request the Court do so. Plaintiff has made every effort to comply with this Court's styling and formatting policies.

## II. Jurisdiction and Venue

This Court has jurisdiction over this Complaint pursuant to 28 USC § 1331, 5 USC § 552(a)(4)(B) and 5 USC § 552a(g)(1)(B). Venue properly lies in this District under 5 USC § 552(a)(4)(B) and 5 USC § 552a(g)(5). Pursuant to §552(a)(4)(B), Plaintiff elects to proceed in his District of residence for the prosecution of this Complaint.

## III. Parties

Plaintiff is a 21-year-old citizen of the State of New Jersey, a member State of the United States. Plaintiff is an "individual" as defined in 552a(a)(2) and has grounds to sue in this action. Defendant is an "agency" within the meaning of 5 USC § 552(f) and 5 USC § 552a(a)(1) and is liable to suit in this matter.

## IV. Factual Background

1. Plaintiff is a 21-year-old citizen of the State of New Jersey, a member State of the United States.

2. Plaintiff was under criminal investigation by the FBI from about April 2015 until December 2016.

3. Plaintiff was criminally prosecuted in the Western District of Texas in 2016 in case numbers 1:16-cr-507 and 4:17-cr-054-DC.

4. Plaintiff was officially interviewed by the FBI at least thrice: while in custody in February 2017, while in custody on March 23rd, 2017, and in July 2017. During all of these interviews, the interviews were recorded and investigative summaries (FD-302s) were produced.

5. Plaintiff was opened as a confidential human source (CHS) by the FBI on April 26th, 2017. Plaintiff's official CHS cryptonym/identifier was OSPREY. Plaintiff's confidential human source coordinator (CHSC; also referred to as a "handler") was FBI Cybercrime Special Agent Brittni L. Svihra. Plaintiff, as a CHS, also worked in tandem with two agents from the FBI Miami Field Office, known only to Plaintiff as "Seth" and "Steven". "Seth" was an FBI Special Agent, presumably in the Cybercrime division, and "Steven" was a task force officer presumably with the Organized Crime Task Force and the Joint Terrorism Task Force. *All* of these facts were officially confirmed by the DOJ in Plaintiff's

sentencing hearing dated November 26th, 2020. In the Government's sentencing submissions, the Assistant United States Attorney (an agent of the DOJ) publicly spoke of Plaintiff's work with the FBI as a CHS and included one of Plaintiff's FD-302s in the Government's sentencing submission as well as a "payment receipt" from the FBI with Plaintiff's cryptonym, OSPREY, on the document. See *US v. Martino, (D.N.J. 2017) 1:17-cr-240-NLH* Dkt. Nos. 64 and 72, Sentencing Materials by the Government and Transcript of Sentencing, respectively.

6. In April and May of 2017, Plaintiff, as a CHS, worked with the aforementioned three agents in multiple cybercrime-related investigations, including but not limited to: an investigation against United States Citizen Vincent Canfield (this is a business alias assumed by this individual), the system administrator of the e-mail website cock.li and the upload service cocaine.ninja, an investigation against Joshua Haag, a self-reputed hacker, cyber terrorist, and child pornographer, and Plaintiff also supplied information regarding various other ongoing investigations by the FBI. *Id.*

7. In July of 2017, Plaintiff supplied information to the FBI regarding a bomb threat. *Id.*

8. In October of 2017, the FBI officially closed Plaintiff as a CHS. *Id.*

9. In about October of 2017, Plaintiff was under surveillance by the USMS.

4

10. In October of 2017, Plaintiff was charged by way of complaint for violating his conditions of Federal Probation and was released on bail.

11. Plaintiff was under intermittent surveillance by the USMS through October of 2017 until July of 2018, when he was again charged with additional violations of his release conditions and was incarcerated in the Federal Bureau of Prisons until September 25th, 2020.

12. For unknown reasons, and likely extrajudicially, the USMS began pertinent surveillance of Plaintiff shortly after his release from custody. The surveillance tactics by USMS included the use of human intelligence, use of an IMSI-catcher or cell-site-simulator device (which Plaintiff had a third-party verify was in the immediate vicinity of his residence), and agents physically following Plaintiff on foot and in vehicles to and from his residence, and possibly surveillance of Plaintiff using thermal imaging or recording equipment.

13. A meeting was scheduled on or before October 28th, 2020 between Plaintiff and the USMS to take place at the Camden, NJ United States District Courthouse, although this meeting was construed to Plaintiff to be an initial reporting to the Probation Office in-line with his terms of Supervised Release. Plaintiff had no knowledge of the real purpose of the meeting. The meeting was scheduled for November 10th.

14. On November 10th, 2020, at the Courthouse, two USMS Deputy Marshals

interviewed Plaintiff stating that they received "confidential information" that Plaintiff somehow wanted to "harm" his former Supervising Officer Christine M. Rennie. These allegations are untrue and unfounded. Plaintiff assured the Marshals that these allegations were untrue and that he did not intend anyone harm.

15. Directly after the meeting, Plaintiff received a text message from his current Supervising Officer stating that the "[M]arshals said they consider the matter closed after today's meeting. They asked me to pass that message to you and stated nobody is watching you".

16. Sometime in November 2020, Plaintiff left his residence for a period of approximately four hours. When Plaintiff returned, he noticed clear screwdriver-like pry marks on the exterior door to his residence, his bedroom door, and a closet door inside his bedroom. All of these doors remain closed and locked at all times and the marks were not noticed by Plaintiff until this time. No one was home at this time. The door frame near the door jamb of Plaintiff's bedroom door was damaged enough at this time to have been clearly noticeable at any other time. No items grossly appeared to be stolen or moved within Plaintiff's domicile. Plaintiff did not file a police report because no items appeared to have been stolen, and while all doors remained locked, it was clear that someone had gained entry into Plaintiff's home (by the assumption that

6

one could not have attempted to have pried his closet door open without entering his locked room and locked home). Plaintiff, while he currently has little evidence to support this theory, believes that agents of the DOJ extrajudicially entered his home.

17. In December of 2020, Plaintiff received information from an in-house anonymous source who was familiar with the ongoing USMS surveillance. The source relayed information indicating that the USMS still had Plaintiff actively under surveillance as of December and that Plaintiff was under surveillance for some time.

18. The physical surveillance of Plaintiff by the USMS continued until at least Christmastime of 2020.

19. On December 1st, 2020, Plaintiff submitted multiple proper FOIA/PA requests to the FBI and the USMS.

20. The FOIA/PA request submitted to the FBI is FOIA Request #1482228-000. It was submitted to the FBI by way of First-class US Mail on December 1st, 2020 and was marked as received by the FBI on December 3rd, 2020.

21. The FOIA/PA request submitted to the USMS does not have a FOIA Request number to the knowledge of Plaintiff and Plaintiff has been unable to obtain it. The request was first submitted on December 1st, 2020. Plaintiff did not receive any confirmation from the USMS that the

FOIA/PA request was received.

22. On or about the week of December 14th, 2020, Plaintiff called the USMS Public Liaison to ascertain the status of his first request. The USMS failed to answer multiple telephone calls. After multiple calls, Plaintiff called the main USMS contact number and was told a public liaison officer would answer his next call to the FOIA Public Liaison Office. Plaintiff once again called the USMS FOIA Public Liaison Office and was greeted by a female employee. When Plaintiff voiced his concerns to the employee, she admitted that there was no possible way for her to ascertain the status of a certain FOIA/PA request and that Plaintiff should resubmit his FOIA/PA to the USMS.

23. On December 23rd, 2020, Plaintiff mailed a second FOIA/PA request to the USMS by way of Certified First-class US Mail. The receipt number of the Certified Mail is 70182290000020754900. The United States Postal Service marked the second FOIA/PA as delivered on January 5th, 2021. The second FOIA/PA request was identical to the first request except for a change of date ranges in the request (due to the second request being mailed later than when it was originally written and submitted as the first request).

24. On January 19th, 2021, Plaintiff attempted to once again call the USMS FOIA Public Liaison Office to ascertain the status of his request. Plaintiff

8

called multiple times and received no answer. Plaintiff then attempted to call the Office of Government Information Services (OGIS) and did not receive an answer. Plaintiff called the USMS main number in an attempt to get in contact with the USMS Office of General Counsel, was placed on hold and transferred, then yet again did not receive an answer to his phone call. Plaintiff received no answer or response from either the USMS nor the OGIS regarding the second request at any time.

25. This complaint timely follows.

## V. Claims

### A. Count I: Constructive denial to access of records by the FBI

For purposes of this section, paragraphs 1 – 8, 10, 18, 19, and 24 of section IV of this Complaint are re-alleged herein. Plaintiff filed his FOIA/PA request with the FBI on December 1st, 2020 asking for the following information on himself that may be retained in records by the FBI and/or CJIS (a division of the FBI):

- records of Plaintiff's criminal history
- records of surveillance conducted by the FBI on Plaintiff
- investigatory records regarding Plaintiff
- records regarding Plaintiff's use as a CHS by the FBI

Plaintiff supplied additional information to the FBI that could help in

9

processing his request. The FBI's "FOIA/PA Status" online portal showed that the FBI was searching its indices for potentially responsive records relating to this request on January 13th, 2020 – more than a month after the FBI received Plaintiff's request and after the 20 working day deadline that the FBI is required to respond within pursuant to §552(a)(6)(A)(i). Plaintiff did not receive any correspondence from the FBI requesting Plaintiff's consent to an extension of this deadline or a notice or request of any extension. Pursuant to §552(a)(6)(C), because the DOJ failed to comply with the time limits of §552(a)(6) in responding to this request, Plaintiff is deemed to have exhausted his administrative remedies. By a matter of law, the FBI and the DOJ are delinquent of their duties and in violation of §552 and §552a. Regarding the requested information about Plaintiff's work as a CHS, the exemption listed at §552(c)(2) does not apply because Plaintiff is not a third-party requesting this information, but is rather requesting documents on himself.

### B. Count II: Constructive denial to access of records by the USMS

For purposes of this section, paragraphs 1, 3, and 9 – 25 of section IV of this Complaint are re-alleged herein. Plaintiff filed his first FOIA/PA request with the USMS on December 1st, 2020 asking for the following information on himself that may be retained by the USMS:

- records of Plaintiff's criminal history

10

- records of surveillance conducted by the USMS on Plaintiff
- records of a closed USMS investigation conducted on Plaintiff from about September 2020 until about November 2020 regarding Plaintiff allegedly being a threat to his former United States Probation Office Supervising Officer

On or about the week of December 14th, 2020, Plaintiff called the FOIA Public Liaison Office of the USMS in an attempt to ascertain the status of his request since he did not receive a confirmation letter regarding the USMS's receipt of his request. Plaintiff was advised to file a second FOIA/PA request with the USMS. On December 23rd, 2020, Plaintiff mailed an identical FOIA/PA request to the USMS by way of Certified First-class US Mail to ensure that the request would be delivered to the USMS. The second request was received by the USMS on January 5th, 2021. On January 19th, 2021, again after receiving no correspondence regarding the USMS's receipt of his request, Plaintiff attempted to call the USMS FOIA Public Liaison Office and the OGIS and received no responses from either. This delinquency of the USMS is arguably in violation of §552(a)(7)(A) and (B). The USMS likely received Plaintiff's first FOIA/PA request sometime in December 2020 and received his second (identical) request on January 5th, 2020. Almost two months have passed since the USMS received Plaintiff's first request and while the second request is technically premature of that same deadline, it is identical to the first; the request has ripened long passed

11

the 20 working day deadline that the USMS is required to respond within pursuant to §552(a)(6)(A)(i). Pursuant to §552(a)(6)(C), because the DOJ failed to comply with the time limits of §552(a)(6) in responding to this request, Plaintiff is deemed to have exhausted his administrative remedies. Plaintiff did not receive any correspondence from the USMS requesting Plaintiff's consent to an extension of this deadline or a notice or request of any extension. Plaintiff exercised abundant due diligence in attempting to contact the USMS about his requests. By a matter of law, the USMS and the DOJ are delinquent of their duties and in violation of §552 and §552a. Regarding the requested information about the investigation against Plaintiff, the exemption listed at §552(c)(1)(A) and (B) does not apply in this case because Plaintiff is fully aware of the investigation and the disclosure of these records likely will not interfere with any possible enforcement proceedings because USMS has already closed the investigation.

## VI. Conclusion

By a matter of law, Defendant has failed in its obligation to comply with 5 USC § 552 and 5 USC § 552a regarding their response to Plaintiff's FOIA/PA requests and also the disclosure of the requested records. Plaintiff is therefore entitled to relief in this matter.

## VII. Prayer for relief

Plaintiff prays for any and all relief that he may be entitled to in this matter, including an Order being entered compelling the DOJ to respond to his FOIA/PA requests with any disclosable information in response to both of his requests. Pursuant to §552(a)(4)(A)(viii)(I), any and all search fees for either FOIA/PA must be waived.

Respectfully submitted,

_____
Nicholas Martino,  1/25/20
in *pro per*

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

Nicholas Kyle Martino,
   Plaintiff, in *pro per*

v.

United States Department of Justice,
   Defendant

Civ. No. _____

## CERTIFICATE OF SERVICE

**WHEREFORE**, on this 25th day of January 2021, I, Plaintiff, Nicholas Kyle Martino, in *propria persona*, do hereby certify that I placed a true and correct original copy of Plaintiff's Complaint Regarding Defendant Violations of 5 USC § 552 and §552a in the US Mail and served a copy upon the Court.

Signed and executed pursuant to 28 USC § 1746.

Respectfully submitted,

Nicholas Martino,
in *pro per*

1/25/20