RACHAEL A. HONIG
Acting United States Attorney
PETER G. VIZCARRONDO
Assistant U.S. Attorney
U.S. Attorney's Office for the
District of New Jersey
401 Market Street, 4th Floor
Camden, NJ 08101
(856) 757-5031
peter.vizcarrondo@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS KYLE MARTINO,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>*Defendant.* | HON. NOEL L. HILLMAN<br><br>Civil Action No. 21-1342 (NLH) (AMD)<br><br>**DEFENDANT'S ANSWER AND SEPARATE DEFENSES** |

Defendant United States Department of Justice ("DOJ" or "Defendant"), by the undersigned attorneys, answers Plaintiff Nicholas Kyle Martino's ("Plaintiff") Complaint upon information and belief as follows:

### INTRODUCTION

The unnumbered paragraph beginning, "This Complaint is an action…," is Plaintiff's statement of the case, to which no response is required. To the extent a response is required, Defendant admits only that the Federal Bureau of Investigation ("FBI") received a letter from Plaintiff dated December 1, 2020, and that the United States Marshal Service ("USMS") received a letter from

1

Plaintiff dated November 23, 2020 purporting to be requests under the Freedom of Information Act ("FOIA"). Defendant denies any remaining allegations in this paragraph.

The unnumbered paragraph beginning, "Plaintiff is a petitioner…," does not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## JURISDICTION AND VENUE

The unnumbered paragraph beginning, "This Court has jurisdiction…," is Plaintiff's statement of jurisdiction and venue, to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

## PARTIES

The unnumbered paragraph beginning, "Plaintiff is a 21-year-old citizen…," is Plaintiff's self-description to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set in forth in the first sentence of this paragraph and, therefore, these allegations are denied. The second and third sentences in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Defendant admits only that it is an agency within the

meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 552a(a)(1). Defendant denies any remaining allegations in this paragraph.

## FACTUAL BACKGROUND

1. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set in forth in this paragraph and, therefore, these allegations are denied.

2. Denied. This paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is required, responding to the allegations in this paragraph could require Defendant to reveal information exempt from disclosure under the FOIA, and, therefore, these allegations are denied.

3. Denied. This paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set in forth in this paragraph and, therefore, these allegations are denied. To the extent that Plaintiff refers to publicly available docket information, this information speaks for itself and is the best evidence of its content.

4. Denied. Responding to the allegations in this paragraph could require Defendant to reveal information exempt from disclosure under the FOIA, and, therefore, these allegations are denied.

5.     Denied. Responding to the allegations in this paragraph could require Defendant to reveal information exempt from disclosure under the FOIA, and, therefore, these allegations are denied.  To the extent that Plaintiff characterizes the contents of publicly available documents, these documents speak for themselves and represent the best evidence of their contents.

6.     Denied. Responding to the allegations in this paragraph could require Defendant to reveal information exempt from disclosure under the FOIA, and, therefore, these allegations are denied.

7.     Denied. Responding to the allegations in this paragraph could require Defendant to reveal information exempt from disclosure under the FOIA, and, therefore, these allegations are denied.

8.     Denied. Responding to the allegations in this paragraph could require Defendant to reveal information exempt from disclosure under the FOIA, and, therefore, these allegations are denied.

9.     Denied. Responding to the allegations in this paragraph could require Defendant to reveal information exempt from disclosure under the FOIA, and, therefore, these allegations are denied.

10.    Admitted.

11.    Admitted in part, denied in part. Admitted only that Defendant was charged with violating his conditions of release in July of 2018, and was incarcerated until September 25, 2020. The remaining allegations in this

paragraph could require Defendant to reveal information exempt from disclosure under the FOIA, and, therefore, these allegations are denied.

12. Denied. Responding to the allegations in this paragraph could require Defendant to reveal information exempt from disclosure under the FOIA, and, therefore, these allegations are denied.

13. Denied. Responding to the allegations in this paragraph could require Defendant to reveal information exempt from disclosure under the FOIA, and, therefore, these allegations are denied.

14. Denied. Responding to the allegations in this paragraph could require Defendant to reveal information exempt from disclosure under the FOIA, and, therefore, these allegations are denied.

15. Denied. Responding to the allegations in paragraph could require Defendant to reveal information exempt from disclosure under the FOIA, and, therefore, these allegations are denied.

16. Denied. To the extent that Plaintiff alleges that "agents of the DOJ extrajudicially entered his home," these allegations are denied. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations set in forth in this paragraph and, therefore, these allegations are denied.

17. Denied. Defendant is without knowledge or information sufficient to form a belief as to whether "Plaintiff received information from an in-house anonymous source" and, therefore, these allegations are denied. Responding


to the remaining allegations in this paragraph could require Defendant to reveal information exempt from disclosure under the FOIA, and, therefore, these allegations are denied.

18. Denied. Responding to the allegations in this paragraph could require Defendant to reveal information exempt from disclosure under the FOIA, and, therefore, these allegations are denied.

19. Denied as stated. Admitted only that FBI and USMS received a letters from Plaintiff dated December 1, 2020 and November 23, 2020, respectively, purporting to be requests for information under the FOIA. To the extent that Plaintiff characterizes the contents of these letters, the documents speak for themselves and represent the best evidence of their contents. Any remaining allegations in this paragraph are denied.

20. Defendant admits only that the FBI received a letter from Plaintiff dated December 1, 2020, that it assigned FOIA Request No. 1482228-000 to this request, and that it sent a response letter to Plaintiff dated December 3, 2020. These letters speak for themselves and represent the best evidence of their contents. Any remaining allegations in this paragraph are denied.

21. Denied as stated. Admitted only that USMS received a letter from Plaintiff dated November 23, 2020 purporting to be a request for information under the FOIA. This letter speaks for itself and represents the best evidence of its contents. By way of further response, USMS sent Plaintiff a letter dated

March 4, 2021 acknowledging receipt of the November 23, 2020 letter and assigning it FOIA Request No. 2021USMS35853. This letter speaks for itself and represents the best evidence of its contents. Any remaining allegations in this paragraph are denied.

22. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set in forth in this paragraph and, therefore, these allegations are denied.

23. Denied. Defendant denies that USMS received a letter from Plaintiff dated December 23, 2020. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations set in forth in this paragraph and, therefore, these allegations are denied.

24. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set in forth in this paragraph and, therefore, these allegations are denied.

25. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

## CLAIMS

## COUNT I

In response to the first sentence in the unnumbered paragraph beginning, "For purposes of this section," Defendant incorporates its previous

responses as if stated fully herein. As to the second sentence, including the bullet points, Defendant admits only that the FBI received a letter from Plaintiff, dated December 1, 2020, purporting to be a request for information under the FOIA. This letter speaks for itself and is the best evidence of its contents.

Regarding the unnumbered paragraph beginning, "Plaintiff supplied additional information…," Defendant admits only that the FBI received a letter from Plaintiff, dated December 1, 2020, purporting to be a request for information under the FOIA. This letter speaks for itself and is the best evidence of its contents. As to the second sentence, Defendant lacks knowledge or information sufficient to form a belief about the status displayed on its online portal on January 13, 2021[1]; Defendant admits that January 13, 2021, is more than a month after the FBI received Plaintiff's request; as to the 20 working day deadline, this allegation is a legal conclusion to which no response is required. To the extent a response is required, these allegations are denied. As to the third sentence, Defendant admits only that the FBI did not send any correspondence to Plaintiff regarding an extension of the statutory time limits. The remaining three sentences in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

---

[1] The Complaint alleges a certain status on the portal on January 13, 2020; however, based on the other dates mentioned in the Complaint, Defendant interprets this as a typo and responds based on the date of January 13, 2021.

## COUNT II

In response to the first sentence in the unnumbered paragraph beginning, "For purposes of this section…," Defendant incorporates its previous responses as if stated fully herein. As to the second sentence, including the bullet points, Defendant admits only that USMS received a letter from Plaintiff, dated November 23, 2020. This letter speaks for itself and represents the best evidence of its contents. Any remaining allegations in this paragraph are denied.

Regarding the unnumbered paragraph beginning, "On or about the week of December 14th, 2020…," with respect to Plaintiff's allegations regarding telephone calls with USMS FOIA Public Liaison Office and "OGIS" in the first, second, and fifth sentences of this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, these allegations are denied. As to the third and fourth sentences of this paragraph, Defendant denies that it received a letter from Plaintiff dated December 23, 2020 purporting to be a request for information under the FOIA. As to the seventh sentence of this paragraph, Defendant admits only that USMS received Plaintiff's first FOIA request dated November 23, 2020, but it denies it received his second purported FOIA request. As to tenth sentence of this paragraph, Defendant admits only that the USMS did not send any correspondence to Plaintiff regarding an extension of the statutory time limits, but further avers that it sent Plaintiff a letter,

dated March 4, 2021, acknowledging receipt of his November 23, 2020 FOIA request. The remaining allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

## CONCLUSION

The allegations in the unnumbered paragraph beginning "By a matter of law…" constitute conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

## PRAYER FOR RELIEF

The unnumbered paragraph beginning "Plaintiff prays for any and all relief…" constitutes Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief in this matter.

Defendant denies each and every factual allegation set forth in the Complaint except as expressly admitted or qualified herein.

## AFFIRMATIVE AND OTHER DEFENSES

Separately and affirmatively, Defendant alleges as follows:

1. Plaintiff fails to state a claim for which the Court can grant relief.

2. The Court lacks subject matter jurisdiction over Plaintiff's Complaint because Defendant has not improperly withheld information within the meaning of FOIA. *See* 5 U.S.C. § 552.

3. The Court lacks jurisdiction over any request for relief that exceeds the relief authorized by FOIA, 5 U.S.C. § 552.

4. The FOIA requests that are the subject of this lawsuit implicate information that is protected from disclosure by statutory exemptions under 5 U.S.C. § 552(b).

5. Documents and redacted information requested in this action were properly withheld or redacted pursuant to FOIA. 5 U.S.C. § 552(b).

6. Defendant conducted a reasonable search in response to Plaintiff's FOIA requests.

7. Plaintiff is not entitled to costs or fees.

Defendant reserves the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of this litigation.

WHEREFORE, having fully answered, Defendant respectfully requests that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendant; and (3) grant such further relief as the Court deems just and proper.

Respectfully submitted,

RACHAEL A. HONIG
Acting United States Attorney

By: *s/Peter G. Vizcarrondo*
PETER G. VIZCARRONDO
Assistant U.S. Attorney

Dated: April 12, 2021